UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFF POFF,

      Plaintiff,

v.                                                  Case No. 25-cv-102-pp

ANGELA DAVIS and DANIEL BOUSHKA,

      Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS AND MOTION FOR AMENDED SCHEDULING ORDER (DKT. NO. 33)**

On February 20, 2026, the defendants filed a motion for leave to file a motion for summary judgment on exhaustion grounds and to seek an amended scheduling order. Dkt. No. 33. The deadline to file motions for summary judgment on exhaustion grounds was November 24, 2025. Dkt. No. 23. On December 23, 2025, the court granted the plaintiff's motion to substitute defendant. Dkt. No. 29. In support of their motion, the defendants say that it was only when they were preparing their responsive pleading on behalf of the newly identified defendant, Daniel Boushka, that they realized they had inadvertently failed to recognize that the plaintiff did not exhaust his administrative remedies. Dkt. No. 23 at 2. Along with their motion, the defendants filed a responsive pleading on behalf of Boushka, dkt. no. 32, and a motion for summary judgment on exhaustion grounds and supporting

documents on behalf of both defendants, dkt. nos. 33-1 through 33-7. The court will grant the defendants' motion.

Federal Rule of Civil Procedure 6(b) provides the court with the discretion to allow an enlargement of time "for cause shown" and "where the failure to act was the result of excusable neglect." To find "excusable neglect," courts should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, the length of the delay, and the reason for the delay. Bowman v. Korte, 962 F.3d 995, 998 (7th Cir. 2020) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993).

Here, the court finds that the defendants' oversight is excusable because they recognized it early enough to avoid undue delay. The plaintiff recently identified the unknown defendant and that defendant recently answered the complaint; a motion for summary judgment on exhaustion grounds on behalf of both defendants could not have been filed sooner and the plaintiff is not prejudiced by the delay. It is reasonable to give the defendants an opportunity to move for summary judgment on exhaustion grounds. The court will grant the defendants' motion to file a motion for summary judgment on exhaustion grounds.

The court **GRANTS** the defendants' motion for leave to file motion for summary judgment for failure to exhaust administrative remedies. Dkt. No. 33.

The court **DIRECTS** the clerk's office to separately docket the defendants' proposed motion for summary judgment, dkt. no. 33-1, and supporting

documents, dkt nos. 33-2 through 33-7. The defendants' motion for summary judgment on exhaustion grounds is deemed filed the date this order is entered.

The court **GRANTS** the defendants' motion for amended scheduling order. Dkt. No. 33.

The court **ORDERS** that the deadlines set in the current scheduling order, dkt. no. 23, are **VACATED**. If necessary, the court will set new deadlines for the parties to complete discovery and to file motions for summary judgment on the merits after it resolves the defendants' motion for summary judgment on exhaustion grounds.

Dated in Milwaukee, Wisconsin this 23rd day of February, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**