JEFF POFF,

                        Plaintiff,

  v.                                                Case No. 25-cv-102-pp

ANGELA DAVIS and DANIEL BOUSHKA,

                        Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 35) AND DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Jeff Poff, who is incarcerated at Waupun Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim related to his allegations that he received rotten bologna during Ramadan in March and April 2024. Dkt. No. 19 at 12. The defendants have filed a motion for summary judgment on exhaustion grounds. Dkt. No. 35. This order grants the defendants' motions and dismisses the case.

## I.      Facts

The plaintiff was incarcerated at Waupun during the events described in the complaint. Dkt. No. 37 at ¶1. The Inmate Complaint Review System (ICRS) is a process by which incarcerated individuals may file grievances related to significant issues regarding rules, living conditions and staff actions affecting institution environment. Id. at ¶2. The Inmate Complaint Tracking System is a database that stores all documents and reports submitted and generated through the ICRS. Id. at ¶3.

1

The plaintiff's Inmate Complaint History Report shows that he filed eight inmate complaints in March and April 2024. Id. at ¶4. He filed one complaint potentially related to Ramadan food, WCI-2024-5354. Id. at ¶5. On March 25, 2024, the plaintiff submitted that complaint, alleging that the kitchen staff was serving the same, exact meal every night. Id. at ¶6. Along with the complaint, the plaintiff included an information request that he had submitted on March 14, 2024. Id. at ¶7. The information request stated: "Since Ramadan begun on Mon 3/11/24 you've been serving the same exact items everyday on both of our (bag) meals and per [DAI DOC] policy you're supposed to (rotate) everyday, [you're] causing me (severe) digestive issues and unable to process my food properly, please ad[d]ress this issue A.S.A.P." Id.

On April 10, 2024, the institution complaint examiner (ICE) rejected the plaintiff's complaint, stating, "WCI follows the dietary guidelines set forth by the DOC/RPAC, when it comes to all meals." Id. at ¶8. The ICE also stated, "The menu meets or exceeds generally accepted nutritional standards for all nutrients." Id. Complaint WCI-2024-5354 was rejected "in accordance with DOC 310.10(6)(c) which states: '(c) The issue lacks merit or is otherwise frivolous.'" Id. at ¶9.

On April 13, 2024, the plaintiff submitted a request for review of the rejected complaint in which he said that his rights were being violated "by 1st serving the same exact (rotten) meat everyday (bologna), then refusing to rotate it. As the Ramadan menu clearly shows they should be doing." Id. at ¶¶10-11. The plaintiff stated:

> Per (RLUIPA) Act of 2000, ur kitchen staff have purposely and maliciously violated my religious beliefs by 1st serving the same exact (rotten) meat everyday (bologna) then refusing to rotate it as the Ramadan menu clearly shows they should be doing [.] And not just meat, but also oranges, cereal, lettuce, and other items too. See

2

the enclosed menu + evidence of ur own staff signatures showing that we indeed received same meat on numerous occasions. Also ur staff T. moon refused to properly investigate this complaint and is now considered a defendant on this case too now it's up to you to overturned her wrongful decision to have rejected my complaint. B-cuz of this issue it has caused me (severe) stomach pains, chronic constipation, nausea, and even blood stools which I've had to seek med attention for. All this could've been avoided if ur kitchen staff did their jobs and rectified their actions and instead they all chose to lie Ms. Davis and new kitchen manager.

Id. at ¶12. On May 1, 2024, the reviewing authority determined that the complaint was appropriately rejected under DOC 310.10(6). Id. at ¶13.

Before accepting complaint WCI-2024-5354, the ICE sent the plaintiff "a return letter to fix his submission." Id. at ¶14. The plaintiff's returned complaint was dated March 20, 2024, and stated that he was being served the same food items and that all food must be rotated. Id. at ¶15. The plaintiff's complaint was not accepted because "[e]ach complaint may contain only one clearly identified issue {DOC 310.07(5)}." Id. at ¶16.

Neither the plaintiff's March 20, 2024 returned complaint nor his March 24, 2024 complaint mentioned being served spoiled food. Id. at ¶17. The plaintiff did not submit any other relevant inmate complaints. Id. at ¶18.

## II.     Analysis

### A.     Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A

3

dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

B.    Discussion

The defendants contend that the plaintiff failed to exhaust his administrative remedies for his spoiled food claim because he did not submit any inmate complaints about his claim that he was served rotten food. Dkt. No. 36 at 9. The plaintiff responds that he properly and timely exhausted his administrative remedies. Dkt. No. 43 at 5. He states that his "rejected complaint form #2182", in which he brought up the rotten bologna claim to the reviewing authority, put prison officials on notice of his claim. Id. at 5-6. The plaintiff also states that he wrote requests to health services, the kitchen manager and the warden about rotten food he received in his dinner bag and about how the bologna meat was making him sick. Id. at 6. The plaintiff states that he tried to bring his rotten bologna claim in his original complaint, but

4

that ICE T. Moon rejected the complaint and ordered him to change it because it contained more than one issue. Id.

The Prison Litigation Reform Act (PLRA) states that an incarcerated individual cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects incarcerated individuals to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

The ICRS in the Wisconsin prisons is the administrative remedy available to incarcerated individuals with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code §DOC 310.01(2)(a). The ICRS is

5

available for incarcerated individuals to "raise issues regarding policies, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code §DOC 310.06(1). Before an incarcerated person may commence a civil action, he must exhaust all administrative remedies that the Department of Corrections has promulgated by rule. Wis. Admin. Code §DOC 310.05.

To use the ICRS, an incarcerated person must file a complaint with the (ICE) within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §DOC 310.07(2). Complaints submitted later than fourteen days after the event may be accepted for good cause. Id. The ICE shall accept, return or reject a complaint. Wis. Admin. Code §DOC 310.10(2). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority," who may recommend that the complaint be affirmed or dismissed in whole or in part. Wis. Admin. Code §§DOC 310.10(9) and 310.10(12). Within fourteen days after the date of the decision, an incarcerated individual may appeal the reviewing authority decision to the corrections complaint examiner (CCE). Wis. Admin. Code §DOC 310.09(1). The CCE reviews the appeal and makes a recommendation to the secretary of the Department of Corrections. Wis. Admin. Code §DOC 310.12(9). The secretary shall affirm or dismiss the CCE's recommendation, or return the appeal to the CCE for further investigation. Wis. Admin. Code §DOC 310.13(2).

In response to the defendants' motion for summary judgment, the plaintiff filed a document titled "Plaintiffs Proposed Findings of Fact in Support of Motion for Summary Judgment on Exhaustion Grounds," dkt. no. 44, and another document titled "Plaintiff's 2nd Proposed Findings of Facts in Support

of Motion for Summary Judgment on Exhaustion Grounds," dkt. no. 49. Although the plaintiff called them proposed findings of fact, these documents actually are *responses* to the *defendants'* proposed findings of fact. Dkt. Nos. 44, 49. In the first document, the plaintiff responds to the defendants' proposed facts one through ten, then simply states that he opposes defendants' proposed findings of fact eleven through eighteen. Dkt. No. 44. The plaintiff does not cite any authority. <u>Id.</u> The second document addresses all the defendants' proposed facts; it also fails to cite to the record. Dkt. No. 49.

The Local Rules require a party opposing summary judgment to file a concise response to the moving party's statement of facts that contains the moving party's proposed finding of fact followed by a response that includes, in the case of any disagreement, references to supporting materials. Civil Local Rule 56(b)(2)(B) (E.D. Wis.). The defendants advised the plaintiff of this rule when they filed their motion for summary judgment. The court will deem all of the defendants' proposed findings of fact undisputed based on the plaintiff's failure to follow Civil L.R. 56(b)(2)(B). <u>See</u> Civil. L.R. 56(b)(4); <u>Robinson v. Waterman</u>, 1 F.4th 480, 483 (7th Cir. 2021) (A district court may "permissibly apply[y] Local Rule 56(b)(4) to deem [a movant's] facts unopposed, regardless of [a non-movant's] later filings.").

District courts are entitled to construe *pro se* submissions leniently and may overlook plaintiff's noncompliance by construing the limited evidence in a light most favorable to plaintiff. <u>See</u> <u>Grady v. Hardy</u>, 826 F.3d 1000, 1005 (7th Cir. 2016). The plaintiff filed an unsigned declaration in which he states that he submitted requests to Warden Hepp and defendant Davis regarding rotten meat. Dkt. No. 45. The plaintiff's declaration does not dispute any of the defendants' proposed facts nor does it establish that he submitted an inmate

7

complaint in which he raised the issue of rotten meat. Information requests that the plaintiff submitted do not serve to exhaust his administrative remedies. See Pyles v. Nwaobasi, 829 F.3d 860, 864 (7th Cir. 2016) (to exhaust administrative remedies, plaintiff must comply "with the specific procedures and deadlines established by the prison's policy").

It is undisputed that the plaintiff first tried to submit an inmate complaint on March 20, 2024, in which he raised the issue of receiving the same meat and other food items in his bag meal since Ramadan began, in violation of DOC policy, which caused digestive issues, depression, anxiety and weight loss. Dkt. No. 38-3 at 2. The ICE, T. Moon, did not accept this complaint because it did not contain a clearly identified issue. Id. at 1. The return letter said that the plaintiff could resubmit his complaint and that he should include the policy number he referred to, where he was getting his facts from and the specific items that he said he was getting every day. Id. On March 25, 2024, the plaintiff submitted complaint WCI-2024-5354, in which he complained that the kitchen staff was serving the same meal every night. Dkt. No. 38-2 at 8. The interview request the plaintiff submitted along with his complaint said that he was getting the same items every day for both meals, which was causing severe digestive issues. Id. at 10. The ICE rejected this complaint under Wis. Admin. Code §DOC310.10(6)(c), stating that the issue the plaintiff raised—that he received the same exact menu items every day in his Ramadan bag—lacked merit or was otherwise frivolous. Id. at 2. In the plaintiff's appeal of the rejection of the complaint, he said that he was served the same "(rotten)" meat every day and also the same oranges, cereal, lettuce and other items. Id. at 21. He said that it had caused severe stomach pain, constipation, nausea and

8

bloody stools. Id. at 23. The reviewing authority determined that the complaint was appropriately rejected. Id. at 5.

The court allowed the plaintiff to proceed on an Eighth Amendment claim related to his allegations that he received rotten bologna during Ramadan in March and April 2024. Dkt. No. 19 at 12. "The PLRA exhaustion requirement ensures that 'a prison has received notice of, and an opportunity to correct, a problem' before being drawn into litigation." Jackson v. Esser, 105 F.4th 948, 958-59 (7th Cir. 2024) (quoting Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013)). Assuming that an incarcerated individual has taken all the administrative steps, his "complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" Id. at 959 (quoting Schillinger v. Kiley, 954 F.3d 90, 995 (7th Cir. 2020)). The plaintiff's failure to submit a complaint in which he raised the issue of being served rotten bologna means that the plaintiff did not exhaust administrative remedies as to that claim. Raising an issue for the first time in an appeal does not fully exhaust a claim. See Lockett v. Cox, Case No. 16-CV-601, 2018 WL 1108703, at *5 (W.D. Wis. Feb. 27, 2018) (collecting cases); Monroe v. Koren, No. 20-C-229, 2021 WL 6197838, at *6 (E.D. Wis. Dec. 30, 2021) (raising a new issue in appeal to the correction complaint examiner is insufficient to exhaust administrative remedies); see also Wis. Admin. Code §DOC310.12(3) (The corrections complaint examiner will only address issues raised in the original complaint).

The plaintiff states that he filed another inmate complaint that exhausted his claim, WCI-2024-6003, which he filed against T. Moon, the ICE, regarding her refusal to accept another inmate complaint he submitted. Dkt. No. 43 at 5. This complaint did not raise the issue of the plaintiff being served rotten

bologna, nor did it state that Moon failed to accept a complaint the plaintiff tried to submit about rotten bologna. See Dkt. No. 52-1. Complaint WCI-2024-6003 does not exhaust administrative remedies as to the plaintiff's claim in this case.

The plaintiff did not exhaust his administrative remedies regarding his claim that he was served rotten bologna during Ramadan. The court will grant the defendants' motion for summary judgment on exhaustion grounds and will dismiss this case without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).

### III.     Conclusion

The court **GRANTS** the defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 35.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in

10

federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. <u>Id.</u>

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 10th day of July, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

11